IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CYNTHIA NGUYEN, etc., )
)
        Plaintiff, )
)
v. ) No. 08 C 5496
)
MEDCO FINANCIAL ASSOCIATES, INC., )
)
        Defendant. )

## MEMORANDUM ORDER[1]

Counsel for putative class action plaintiff Cynthia Nguyen ("Nguyen") had earlier filed a motion for default judgment against Medco Financial Associates, Inc. ("Medco") on the basis that Medco had not filed a timely response to Nguyen's Complaint (although Medco's lawyer had filed an appearance in the matter). This Court denied the default, and Medco's counsel has now served its Motion for Leave To File Its Answer Instanter, noticing that motion up for presentment on November 24, 2008. Although the motion does not indicate whether or not Nguyen plans to oppose it, so that both counsel need to appear on the presentment date, this memorandum order is issued sua sponte to identify some problematic aspects of the proposed Answer that require Medco's counsel to return to the drawing board in any event.

To begin with, several paragraphs of the proposed Answer fail to conform to the requirement of Fed. R. Civ. P. ("Rule")

---

[1] This action is assigned to the calendar of Honorable James Moran, but Judge Milton Shadur is handling matters for Judge Moran in his absence.

8(b)(5) as the predicate for Medco's obtaining the benefit of a deemed denial (see Answer ¶¶3, 5, 12-14 and 23). In that respect, see App. ¶1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

Next, each of a host of Medco's responses (Answer ¶¶4, 5, 7, 8, 15-18, 21, 22, 24, 26, 28, 34 and 39) states that a document or statute "speaks for itself"--an impermissible substitute for compliance with Rule 8(b)(1)(B)(see App. ¶3 to <u>State Farm</u>). Moreover, each of those paragraphs continues with a denial of "all allegations inconsistent thereto [sic--even if this were appropriate, it should real 'therewith']." Neither Nguyen's counsel nor this Court should be required to guess as to what Medco and its counsel view as "inconsistent."

Finally in terms of the Answer itself, Answer ¶33 incorrectly states that "no answer is required" as to an allegation that is said to "assert[ ] a legal conclusion." In that regard, see App. ¶2 to <u>State Farm</u>.

No view is expressed here as to whether any of the affirmative defenses that follow the Answer pose problems as well. In that regard Medco's counsel should consider App. ¶5 to <u>State Farm</u> in preparing an appropriate responsive pleading.

                                    _____
                                    Milton I. Shadur
                                    Senior United States District Judge

Date: November 19, 2008