IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CYNTHIA NGUYEN, etc.,                )
                                      )
            Plaintiff,                )
                                      )
      v.                              )    No.  08 C 5496
                                      )
MEDCO FINANCIAL ASSOCIATES, INC.,     )
                                      )
            Defendant.                )

## MEMORANDUM ORDER[1]

When counsel for Medco Financial Associates, Inc. ("Medco") submitted defendant's Motion for Leave To File Its Answer Instanter, scheduled for presentment November 24, 2008, this Court issued a brief sua sponte memorandum order on November 19 "to identify some problematic aspects of the proposed Answer that require Medco's counsel to return to the drawing board in any event." Medco's counsel has now filed a revised Answer, but unfortunately that responsive pleading still contains some flaws that require correction. Here they are:

   1. Answer ¶12 admits the third sentence of Complaint ¶12 while denying all remaining allegations. But it would seem appropriate for Medco to admit the fourth sentence of that paragraph as well.

   2. Answer ¶33 states incorrectly that "no answer is required" for what Medco describes as "a legal conclusion"

---

[1] This matter is being handled by this Court in the absence of its colleague Honorable James Moran, to whose calendar the case is assigned.

asserted in Complaint ¶33--see App. ¶2 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Accordingly Medco must respond to Complaint ¶33 in compliance with Fed. R. Civ. P. 8(b)(1)(B).

3. As part of its affirmative defenses, Medco includes this assertion:

> Defendant sends these inserts with every written communication it sends to a debtor.

But Medco then goes on to acknowledge, later in the affirmative defenses, the possibility that it did not do so in Nguyen's case, in which event it says "the failure was not intentional and resulted from bona fide error." Those two statements cannot coexist, and Medco's counsel must withdraw the absolute assertion quoted at the beginning of this paragraph.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 3, 2008